AO 245C (Rev. 06/05 - VAW Additions 6/05) Amended Judgment in a Criminal Case
Sheet 1

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
(NOTE: Identify Changes with Asterisks (*))
Danville
OCT 0 1 2009
JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>ANTHONY CHARLES MARTIN | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: DVAW405CR000029-001<br>Case Number:<br>USM Number: 11437-084<br>Mark T. Williams, Esq.<br>Defendant's Attorney |

Date of Original Judgment: 5/1/07
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☒ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §846 | Conspiracy to Distribute More Than 50 Grams of Cocaine Base | 10/20/05 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 3-6 and 1 in 4:04CR30062 ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 28, 2009
Date of Imposition of Judgment

/s/ James C. Turk
Signature of Judge

James C. Turk, Senior United States District Judge
Name and Title of Judge

Sept 30, 2009
Date

DEFENDANT: ANTHONY CHARLES MARTIN
CASE NUMBER: DVAW405CR000029-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

*One hundred and eight (108) months

*☒ The court makes the following recommendations to the Bureau of Prisons:

1. Court recommends that defendant be afforded the opportunity to participate in the intensive drug treatment program.
2. FCI Butner, NC
3. FCI Petersburg, VA
4. FCI Beckley, WVA

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____ on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ANTHONY CHARLES MARTIN
CASE NUMBER: DVAW405CR000029-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

One hundred and twenty (120) months

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C     (Rev. 06/05 - VAW Additions 6/05) Amended Judgment in a Criminal Case
Sheet 3C - Supervised Release                                (NOTE: Identify Changes with Asterisks (*))

Judgment-Page 4 of 7

DEFENDANT: ANTHONY CHARLES MARTIN
CASE NUMBER: DVAW405CR000029-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any special assessment, fine and restitution that is imposed by this judgment.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

3. The defendant shall not possess a firearm or destructive device and shall reside in a residence free of firearms and destructive devices.

4. The defendant shall submit to warrantless search and seizure of person and property as directed by the probation officer, to determine whether the defendant is in possession of illegal controlled substances and/or firearms.

AO 245C (Rev. 06/05 - VAW Additions 6/05) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 5 - Criminal Monetary Penalties

Judgment - Page 5 of 7

DEFENDANT: ANTHONY CHARLES MARTIN
CASE NUMBER: DVAW405CR000029-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 13, 1996.

DEFENDANT: ANTHONY CHARLES MARTIN
CASE NUMBER: DVAW405CR000029-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A  ☒ Lump sum payment of $ 100.00 immediately, balance payable

   ☐ not later than _____, or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E,  ☐ F or,  ☐ G below); or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ F, or  ☐ G below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ During the term of imprisonment, payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____, or _____ % of the defendant's income, whichever is greater, to commence _____ (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ during the term of supervised release, to commence _____ (e.g., 30 or 60 days) after release from imprisonment.

G  ☐ Special instructions regarding the payment of criminal monetary penalties:

Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, P.O. Box 1234, Roanoke, Virginia 24006, for disbursement.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: ANTHONY CHARLES MARTIN
CASE NUMBER: DVAW405CR000029-001

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

IT IS ORDERED that the defendant shall be:

☐ ineligible for all federal benefits for a period of _____

☐ ineligible for the following federal benefits for a period of _____
(specify benefit(s))

## OR

☒ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of _____

☐ be ineligible for the following federal benefits for a period of _____
(specify benefit(s))

☐ successfully complete a drug testing and treatment program.

☐ perform community service, as specified in the probation and supervised release portion of this judgment.

☐ Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531